UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20 CR 36 RLW |
| | ) |
| TIERNAN KELSHEIMER, | ) |
| a.k.a. "roach696" and "Mike Hunt," | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant TIERNAN KELSHEIMER, a.k.a. "roach696" and "Mike Hunt," represented by defense counsel Richard Sindel, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count I and Count II of the charge, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's Transportation and Possession of Child Pornography between January 1, 2017, and April 28, 2017, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. **The parties further agree to recommend to the Court that it grant a downward variance and sentence the defendant to 87 months' imprisonment**. Other than requesting that the Court sentence defendant to 87 months' imprisonment, the parties agree that neither party shall request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein.

The defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to:

      i.     Dell Latitude E6500 notebook computer, serial no. JV8MWH1;

     ii.    Samsung Galaxy Express Prime mobile phone;

    iv.    Samsung Galaxy S4 mobile phone;

     v.     Samsung Galaxy S6 Active mobile phone;

    vi.    Samsung Galaxy S7 mobile phone, gold in color;

   vii.    Clear plastic tube containing four (4) micro SD cards; and

   viii.   Bag of miscellaneous documents including an AT&T Internet Services bill.

The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

2

## 3.    ELEMENTS:

As to Count I, the defendant admits to knowingly violating Title United States Code 18, United States Code, Section 2252A(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Transportation of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly transported (2) using any means or facility of interstate or foreign commerce, including by computer, (3) images of child pornography, (4) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct.

As to Count II, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly possessed material that contained images of child pornography, (2) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct, and (3) those images are contained on material that has been transported in interstate commerce.

3

## 4.   FACTS:

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On January 31, 2017, an HSI agent located in the State of Pennsylvania, signed into an undercover Kik account. The agent observed Kik user "roach696" ("roach696" was later identified as the defendant) with a display name "Mike Hunt" had posted on January 29, 2017, child pornography images in the Kik Messenger chat group "Daddies And Their little Girls." The image files depicted sexually explicit conduct. Also, on January 29, 2017, defendant posted a specific Dropbox link in the Kik Messenger group. Using this link, the agent accessed a Dropbox folder that contained numerous file folders that contained video and images files of child pornography. The agent was able to download and save some of the files, including, but not limited to:

a.   "3d0bc7c7-781f-4ebc-9e36-d9df9ea5f303.jpg," a graphic image file that depicts, in part, a prepubescent minor female in a lascivious display of her genitals;

b.   "4aab1544-474f-4978-b487-c342ad994c6d.jpg," a graphic image file that depicts, in part, a male engaged in inserting his penis into the mouth of a prepubescent minor female; and

c.   "392ee71-3c65-4b14-8549-0c831b8632ad.jpg," a graphic image file that depicts, in part, a prepubescent minor female's face with liquid on her face and a male's penis.

The agent sent a subpoena to Kik to identify the user "roach696" with a display name "Mike Hunt." Kik responded to the subpoena and provided, among other things, the email address associated with the account: raysherbutte@yahoo.com, and the IP addresses associated

4

with defendant's activity of sharing child pornography images and the Dropbox link. The agent then sent additional subpoenas to AT&T to identify to whom the IP addresses were assigned. The subscriber was identified as the defendant who was located in the Eastern District of Missouri.

The case was assigned to Special Agent Quinn. After reviewing the information provided by the Pennsylvania agent, and conducting his own investigation, SA Quinn applied for and received a valid federal search warrant on April 21, 2017. The search warrant was lawfully and properly executed at defendant's residence on April 28, 2017. Defendant was present when the search warrant was executed and agreed to talk with the agents.

After being advised of his *Miranda* rights, and knowingly and voluntarily waiving those rights, defendant said that he accessed the internet using his cell phone, a Samsung phone. He said the he subscribes to AT&T for internet access. He said that the cell phone was in his grandmother's name, Gloria Sherbutte. Sherbutte is the same name used in the Yahoo! email account associated with the defendant's Kik account: raysherbutte@yahoo.com. Defendant told the agents that he used the Internet to research snakes because he raises and sells ball pythons. Defendant also admitted that he used the Kik app, but deleted it after getting together with his girlfriend. When asked if knew why the agents were there, he said, "I've got an idea." Defendant then invoked his right to counsel and all questioning stopped.

During the execution of the search warrant, agents seized several electronically related devices including: 1) Dell Latitude E6500 notebook computer, serial no. JV8MWH1; 2) Samsung Galaxy Express Prime mobile phone; 3) Apple iPhone model no. a1660; 4) Samsung Galaxy S4 mobile phone; 5) Samsung Galaxy S6 Active mobile phone; 6) Samsung Galaxy S7 mobile phone, gold in color; 7) Clear plastic tube containing four (4) micro SD cards (these

5

devices were seized from defendant's gun safe); 8) Bag of miscellaneous documents including an AT&T Internet Services bill. The iPhone belonged to defendant's girlfriend and was returned to her.

The seized evidence was later forensically analyzed by a qualified forensic examiner. The examiner found the following:

1.    Defendant's Samsung Galaxy Express Prime was produced in China and therefore traveled in interstate and foreign commerce. It contained five image files and two video files of child pornography. Examples of the files are:

a)    "65b32eb9-dbb3-4a21-8cc3-772cfa873c3a.jpg," a graphic image file that depicts, in part, a prepubescent female child in a pink shirt and dark pink socks that is naked from the waist down and it appears that her finger is partially inserted into her vagina; and

b)    "video19.mov," a graphic video file that depicts, in part, an adult female performing oral sex on a toddler who is a prepubescent minor female.

2.    Defendant's SanDisk Ultra Plus MicroSD Card was produced outside the state of Missouri and, therefore, traveled in interstate and foreign commerce. It contained 139 files that depicted child pornography. Examples of the files are:

a)    "d63d9f42-c4af-4dde-a36e-e260e0253471.jpg," a graphic image file that depicts, in part, a nude toddler, a prepubescent minor female, and a female rubbing the genital area of the toddler; and

b)    "80441024-e7e0-4966-968d-41a9efdf9ae0.mp4," a graphic video file that depicts, in part, a compilation of videos that show males engaged in various sexual acts, including oral and vaginal penetration, with female infants, toddlers, and prepubescent children.

3. Defendant's Samsung EVO MicroSD card was produced outside the state of Missouri and traveled in interstate and foreign commerce. The MicroSD contained 124 files that contained child pornography. One example is "80441024-e7e0-4966-968d-41a9efdf9ae0.mp4," a graphic video file that depicts, in part, a compilation of videos that show males engaged in various sexual acts, including oral and vaginal penetration, with female infants, toddlers, and prepubescent children.

4. Defendant's Samsung EVO 64GB MicroSD card was produced outside the state of Missouri and, therefore, traveled in interstate and foreign commerce. It contained 274 files that depicted child pornography. Two examples of the files are:

a) "imgsrc.ru_51712736pDl.jpg," a graphic image file that depicts, in part, nude toddler, a bound prepubescent minor female in a lascivious display of her genitals; and

b) "imgsrc.ru_51159931hJv.jpg," a graphic image file that depicts, in part, a male inserting his penis into the anus and mouth of a female toddler, a prepubescent minor female.

On September 14, 2017, SA Quinn also applied for and received a valid federal search warrant for the Dropbox account that defendant shared during the chat. The search warrant was properly and lawfully executed and Dropbox provided the files that depicted child pornography. The files were organized in folders such as: girl vids, kid, kid (2), pthc, pthc vids, Young vids, and others. The folder "pthc" contained child pornography images including, but not limited to:

a) "3d0bc7c7-781f-4ebc-9e36-d9df9ea5f303.jpg;"

b) "4aab1544-474f-4978-b487-c342ad994c6d.jpg;" and

c) "392ee71-3c65-4b14-8549-0c831b8632ad.jpg."

7

These are some of the images that the Pennsylvania HSI agent downloaded from the Dropbox link that defendant shared during the Kik chat.

### Summary

In summary, and as the defendant now admits, between January 1, 2017, and February 28, 2017, within the Eastern District of Missouri, defendant knowingly transported to an undercover agent in Pennsylvania via the Internet and Dropbox, files that contained images of child pornography including, but not limited to: "3d0bc7c7-781f-4ebc-9e36-d9df9ea5f303.jpg," "4aab1544-474f-4978-b487-c342ad994c6d.jpg," and "392ee71-3c65-4b14-8549-0c831b8632ad.jpg."

Additionally, between January 1, 2017, and April 28, 2017, within the Eastern District of Missouri, defendant knowingly possessed on his SanDisk Ultra Plus MicroSD card, a Samsung MicroSD card, and Samsung Galaxy Express Prime cell phone, all of which traveled in interstate and foreign commerce, files that contained images of child pornography, including, but not limited to: "65b32eb9-dbb3-4a21-8cc3-772cfa873c3a.jpg," "video19.mov," "d63d9f42-c4af-4dde-a36e-e260e0253471.jpg," "80441024-e7e0-4966-968d-41a9efdf9ae0.mp4," "imgsrc.ru_51712736pDl.jpg," and "imgsrc.ru_51159931hJv.jpg."

Defendant possessed more than 600 images of child pornography where each video file is considered to be the equivalent of 75 images. Some of the images depicted prepubescent minor children engaged in sexually explicit conduct, and some depicted sadistic or masochistic conduct, or other acts of violence.

The internet is a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The internet is a means and facility of interstate and foreign commerce.

8

## 5.    STATUTORY PENALTIES:

As to Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime of Transportation of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than 20 years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than life years and not less than five years. **The defendant fully understands that the crime to which a guilty plea is being entered, Transportation of Child Pornography, requires a mandatory minimum term of imprisonment of at least five years.**

As to Count II, the defendant fully understands that the maximum possible penalty provided by law for Possession of Child Pornography, the crime to which the defendant is pleading guilty, is imprisonment of not more than 20 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than five years nor more than life.

The defendant understands that the Court may impose the sentences to run consecutively (one after the other), or concurrently (at the same time).

## 6.    U.S. SENTENCING GUIDELINES: 2018 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply. The parties also agree that the offenses group.

    **a.**    **Chapter 2 Offense Conduct:** All counts group under §3D1.2.

        **(1)**    **Base Offense Level:** The parties agree that the base offense level is 22, as found in Section 2G2.2(a)(2).

9

(2)   **Specific Offense Characteristics:**  The parties agree that the following

Specific Offense Characteristics apply:

- (a)   Two (2) levels should be added pursuant to §2G2.2(b)(2), because the "material involved a prepubescent minor or a minor who had not attained the age of 12 years;"

- (b)   Two (2) levels should be added pursuant to §2G2.2(b)(3)(F), because defendant knowingly engaged in the distribution of the images;

- (c)   Four (4) levels should be added pursuant to §2G2.2(b)(4), because the "offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; [and] (b) sexual abuse or exploitation of an infant or toddler;"

- (d)   Two (2) levels should be added pursuant to §2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with the intent to view the material;" and

- (e)   Five (5) levels should be added pursuant to §2G2.2(b)(7)(D), because the offense involved "600 or more images" of child pornography.

b.   **Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known.  If subsequent to the taking of the guilty plea the government

10

receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

(2)   **Other Adjustments:**  The parties agree that the following additional adjustments apply:  none.

c.   **Estimated Total Offense Level:**  The parties estimate that the Total Offense Level is thirty-four (34). **The parties further agree to recommend to the Court that it grant a downward variance and sentence the defendant to 87 months' imprisonment.**

f.   **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

g.   **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7.   **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

a.   **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

11

     **(1)**    **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

     **(2)**    **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

    **b.**    **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    **c.**    **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

12

## 8.   OTHER:

a.    **Disclosures Required by the United States Probation Office:** The defendant
agrees to truthfully complete and sign forms as required by the United States Probation Office
prior to sentencing and consents to the release of these forms and any supporting documentation
by the United States Probation Office to the Government.

b.    **Civil or Administrative Actions not Barred; Effect on Other Governmental
Agencies:** Nothing contained herein limits the rights and authority of the United States to take
any civil, tax, immigration/deportation or administrative action against the defendant.

c.    **Supervised Release:** Pursuant to any supervised release term, the Court will
impose standard conditions upon the defendant and may impose special conditions related to the
crime defendant committed. Some of these special conditions may include that defendant not
possess a computer or internet access, that defendant not have contact with minors without the
authorization of the Probation Officer, that defendant participate in sexual offender counseling
and that defendant not maintain a post office box. In addition, as a condition of supervised
release, defendant shall initially register with the state sex offender registration in Missouri, and
shall also register with the state sex offender registration agency in any state where defendant
resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant
shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with
which defendant will be required to adhere. Violation of the conditions of supervised release
resulting in revocation may require the defendant to serve a term of imprisonment equal to the
length of the term of supervised release, but not greater than the term set forth in Title 18, United

13

States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

    **d.**    **Mandatory Special Assessment:** Pursuant to Title 18, United States Code,

Section 3013, the Court is required to impose a mandatory special assessment of $100 per count

for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by

the defendant toward any restitution or fine imposed by the Court shall be first used to pay any

unpaid mandatory special assessment.

    Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after

May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of

$5,000 on any non-indigent defendant convicted of an offense under --

        (1)    Chapter 77 (relating to peonage, slavery, and trafficking in persons, including, but not limited to, 18 U.S.C. § 1591 (Sex trafficking of children by force, fraud, or coercion));

        (2)    Chapter 109A (relating to sexual abuse);

        (3)    Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography) and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography));

        (4)    Chapter 117 (relating to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. § 2422(b) (enticement of a child) and 18 U.S.C. § 2423 (transportation of minors)); or

        (5)    Section 274 of the Immigration and Nationality Act (8 U.S.C. 1324) (relating to human smuggling), unless the person induced, assisted, abetted or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of the law.

14

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

e. **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty. Under Section 2259(c)(3), the minimum amount of restitution per victim for each count of conviction is $3000 for crimes occurring on and after December 7, 2018.

g. **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information.

16

Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

Defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

17

### 10.    VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the

Government, and no other promises or inducements have been made, directly or indirectly, by

any agent of the Government, including any Department of Justice attorney, concerning any plea

to be entered in this case. In addition, the defendant states that no person has, directly or

indirectly, threatened or coerced the defendant to do or refrain from doing anything in

connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and

the guilty plea. The defendant further acknowledges that this guilty plea is made of the

defendant's own free will and that the defendant is, in fact, guilty.

### 11.    CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crimes, other than

minor traffic offenses, violates any conditions of release that results in revocation, violates any

term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful

information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its

option, may be released from its obligations under this agreement. The Government may also, in

its discretion, proceed with this agreement and may advocate for any sentencing position

supported by the facts, including but not limited to obstruction of justice and denial of

acceptance of responsibility.

### 12.    NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant

understands that there will be no right to withdraw the plea entered under this agreement, except

18

where the Court rejects those portions of the plea agreement which deal with charges the

Government agrees to dismiss or not to bring.

_10- 8- 2020_
Date

ROBERT F. LIVERGOOD 35432MO
Assistant United States Attorney

_10-16-2020_
Date

TIERNAN KELSHEIMER
Defendant

_10/15/2020_
Date

RICHARD SINDEL
Attorney for Defendant

19